IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| SHEILA WIDEMAN, | ) |
|       Plaintiff, | ) ) ) |
| v. | ) ) ) Case No. 3:12-cv-6 (CAR) |
| BANK OF AMERICA N.A., MCCURDY & CANDLER, LLC, FEDERAL NATIONAL MORTGAGE ASSOCIATION, and UNKNOWN DEFENDANTS 1-10, | ) ) ) ) ) ) |
|       Defendants. | ) |

## ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER

Currently before the Court is yet another attempt by Plaintiff Sheila Wideman to enjoin Defendants from evicting her from her property. See Wideman v. Bank of America, 3:11-CV-145 (CAR) (case dismissed on December 23, 2011). Plaintiff has filed the current Motion for Temporary Restraining Order [Doc. 10] seeking to enjoin Defendants from enforcing the Writ of Possession granted to Defendant Federal National Mortgage Association ("Fannie Mae") in August 2011, and affirmed by the Walton County Superior Court in October, 2011. For the following reasons, Plaintiff's Motion is **DENIED**.

1

## BACKGROUND

On July 5, 2011, after Plaintiff defaulted on the terms of her mortgage and security deed, Defendant Bank of America foreclosed on Plaintiff's property pursuant to the terms of the Security Deed. Thereafter, Defendant Bank of America deeded the property to Defendant Fannie Mae. Plaintiff did not vacate the property, and Fannie Mae filed an eviction action in the Magistrate Court of Walton County to obtain possession of the property. After a hearing, the magistrate issued Fannie Mae a Writ of Possession. Plaintiff appealed the writ to the Superior Court of Walton County. The Superior Court affirmed the writ, and Plaintiff did not prevail on the appeal of that decision.

On October 7, 2011, Plaintiff filed her first complaint in this Court seeking to enjoin her eviction and alleging various causes of action centered around Plaintiff's allegations that Defendants have engaged in deceptive mortgage loan servicing and unlawfully foreclosed on her property. This Court dismissed that complaint on December 23, 2011. See Civil Action No. 3:11-CV-145 (CAR). Ten days before this Court dismissed that previous action, on December 13, 2011, Plaintiff filed a nearly identical action in Walton County Superior Court, and Defendants removed that case this Court. It is this case which is currently before the Court. Defendants have filed a motion to dismiss, and Plaintiff has filed a motion to amend her complaint, both of

which are currently pending. Because Plaintiff faces an immediate physical lockout from her property by the Sheriff of Walton County pursuant to orders issued by the state court, Plaintiff has now filed this Motion for Temporary Restraining Order seeking to enjoin the eviction.

## DISCUSSION

As Defendants point out in their response, this Court is barred from granting Plaintiff's injunction request by the federal Anti-Injunction Act, 28 U.S.C. § 2283. As this Court noted in its Order dismissing Plaintiff's previous action, injunctive relief claims against state court eviction proceedings are barred by the Anti-Injunction Act unless they fall within one of three exceptions: (1) the injunction is expressly authorized by an Act of Congress, (2) the injunction is "necessary in aid of [the court's] jurisdiction," or (3) the injunction is necessary "to protect and effectuate [the court's] judgment." 28 U.S.C. § 2283. This is an "absolute prohibition against enjoining State Court proceedings, unless the injunction falls within one of the three specifically defined exceptions." Atlantic Coast Line R. Co. v. Bhd. of Locomotive Engineers, 398 U.S. 281, 286 (1970). None of the three exceptions apply here, and therefore this Court cannot enjoin the state court from enforcing any judgment in an action for eviction. See, e.g., Boross v. Liberty Life Ins. Co., No. 4:10-cv-144, 2011 WL 2945819 (S.D. Ga. Jul. 21, 2011) (holding Anti-Injunction Act barred plaintiff's request to enjoin eviction

proceeding); and Farrell v. Poythress, No. 1:10-CV-1309, 2010 WL 2411502 at *2 (N.D. Ga., May 11, 2010) (Anti-Injunction Act barred plaintiff's request to enjoin enforcement of eviction action).

Moreover, the Motion must be denied because Plaintiff fails to give or even offer the security required by Federal Rule of Civil Procedure 65(c). That rule states: "The court may issue a preliminary injunction or a temporary restraining order *only if* the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c) (emphasis supplied). Plaintiff does not deny that she has failed to make payments in accordance with the loan she signed and has made no offer to tender the required security. See Jackman v. Hasty, No. 1:10-SC-2485, 2011 WL 854878 at *1 (N.D. Ga., March 8, 2011) (temporary restraining order denied where plaintiff failed to offer the security required under Fed. R. Civ. P. 65(c)).

For the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order [Doc. 10] is **DENIED**.

**SO ORDERED**, this 9th day of March, 2012.

S/ C. Ashley Royal
C. Ashley Royal
United States District Judge

SSH